James Sullivan (JS 3099)
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:    (212) 374-0009
F:    (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOISES DOMINICI, JOSE MANUEL POLANCO PUJOLS,
RENNY RIVERA RAMIREZ, EDDY GARCIA,
MANUEL ARRIOLA ALVAREZ, ISMAEL HERNANDEZ MILIAN,
JUAN MARQUEZ, and ANGEL ALVARADO,
*on behalf of themselves and similarly situated individuals*,

                                                      CASE NO.

                        Plaintiff,      **COMPLAINT**

-against-

RISING SUN CONSTRUCTION L.L.C.  d/b/a
RSC GROUP, LLC and BRETT STEINBERG,

                                                      ECF Case,

                      Defendant.

---

      Plaintiffs, MOISES DOMINICI, JOSE MANUEL POLANCO PUJOLS, RENNY RIVERA RAMIREZ, EDDY GARCIA, MANUEL ARRIOLA ALVAREZ, ISMAEL HERNANDEZ MILIAN, JUAN MARQUEZ, and ANGEL ALVARADO, on behalf of themselves and similarly situated individuals, by and through their undersigned attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Complaint against Defendants, RISING SUN

CONSTRUCTION L.L.C. d/b/a RSC GROUP, LLC (hereinafter "RSC GROUP LLC") and BRETT STEINBERG, and states as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Additionally, Plaintiff, ISMAEL HERNANDEZ MILIAN, alleges that, pursuant to NYLL, he was wrongfully terminated as retaliation for asserting his rights under NYLL to receive his pay check in a timely manner and is entitled to recover from Defendants: (1) payment of loss of compensation, (2) liquidated damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff, MOISES DOMINICI, is an adult resident of Bronx County, New York.

7. Plaintiff, JOSE MANUEL POLANCO PUJOLS, is an adult resident of Bronx County, New York.

8. Plaintiff, RENNY RIVERA RAMIREZ, is an adult resident of Bronx County, New York.

9. Plaintiff, EDDY GARCIA, is an adult resident of Bronx County, New York.

10. Plaintiff, MANUEL ARRIOLA ALVAREZ, is an adult resident of Bronx County, New York.

11. Plaintiff, ISMAEL HERNANDEZ MILIAN, is an adult resident of Kings County, New York.

12. Plaintiff, JUAN MARQUEZ, is an adult resident of Queens County, New York.

13. Plaintiff, ANGEL ALVARADO, is an adult resident of Richmond County, New York.

14. Upon information and belief, Defendant, RSC GROUP, LLC, is a foreign business corporation, organized and existing under the laws of the State of New Jersey, registered to do business in New York, with a place of business located at 54 Magnolia Avenue, Unit 4-5, Jersey City, New Jersey 07306.

15. Upon information and belief, Defendant, BRETT STEINBERG, is an owner, officer, director and/or managing agent of Defendant, RSC GROUP, LLC, who maintains a business address of 54 Magnolia Avenue, Unit 4-5, Jersey City, New Jersey 07306, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

16. At all relevant times, Defendants were, and continues to be, "enterprises engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the work performed by Plaintiffs and similarly situated individuals was directly essential to the business operated by Defendants.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

19. From in or about March 2018 to in or about July 2018, Plaintiff, MOISES DOMINICI, was hired by Defendants as a construction laborer.

20. During his employment by Defendants, Plaintiff, MOISES DOMINICI, worked fifty eight (58) hours per week.

21. Plaintiff, MOISES DOMINICI's, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 5:30 p.m. and Saturday 9:00 a.m. to 5:30 p.m.

22. Plaintiff, MOISES DOMINICI, was paid $16.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

23. From in or about May 2018 to in or about July 2018, Plaintiff, JOSE MANUEL POLANCO PUJOLS, was hired by Defendants as a construction laborer.

24. During his employment by Defendants, Plaintiff, JOSE MANUEL POLANCO PUJOLS, worked sixty three (63) hours per week.

25. Plaintiff, JOSE MANUEL POLANCO PUJOLS's, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 5:30 p.m.

26. Plaintiff, JOSE MANUEL POLANCO PUJOLS, was paid $16.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

27. From in or about March 2018 to in or about July 2018, Plaintiff, RENNY RIVERA RAMIREZ, was hired by Defendants as a construction laborer.

28. During his employment by Defendants, Plaintiff, RENNY RIVERA RAMIREZ, worked sixty one (61) hours per week.

29. Plaintiff, RENNY RIVERA RAMIREZ, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 5:30 p.m. and Saturday 8:00 a.m. to 4:30 p.m.

30. Plaintiff, RENNY RIVERA RAMIREZ, was paid $17.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

31. From in or about April 2018 to in or about June 2018, Plaintiff, EDDY GARCIA, was hired by Defendants as a construction laborer.

32. During his employment by Defendants, Plaintiff, EDDY GARCIA, worked fifty four (54) hours per week.

33. Plaintiff, EDDY GARCIA, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 4:30 p.m. and Saturday 7:00 a.m. to 2:00 p.m.

34. Plaintiff, EDDY GARCIA, was paid $22.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

35. From in or about March 2018 to in or about June 2018, Plaintiff, MANUEL ARRIOLA ALVAREZ, was hired by Defendants as a construction laborer.

36. During his employment by Defendants, Plaintiff, MANUEL ARRIOLA ALVAREZ, worked sixty three (63) hours per week.

37. Plaintiff, MANUEL ARRIOLA ALVAREZ, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 5:30 p.m.

38.    Plaintiff, MANUEL ARRIOLA ALVAREZ, was paid $22.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

39.    From in or about March 2018 to in or about August 2018, Plaintiff, ISMAEL HERNANDEZ MILIAN, was hired by Defendants as a construction laborer.

40.    During his employment by Defendants, Plaintiff, ISMAEL HERNANDEZ MILIAN, worked fifty eight (58) hours per week.

41.    Plaintiff, ISMAEL HERNANDEZ MILIAN, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 5:30 p.m. and Saturday 9:00 a.m. to 5:30 p.m.

42.    Plaintiff, ISMAEL HERNANDEZ MILIAN, was paid $17.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

43.    Further, Plaintiff, ISMAEL HERNANDEZ MILIAN, was terminated after registering complaints with Defendants regarding the timeliness of his pay for work weeks of August 13, 2018, August 20, 2018, and August 27, 2018.

44.    From in or about May 2018 to in or about August 2018, Plaintiff, JUAN MARQUEZ, was hired by Defendants as a construction laborer.

45.    During his employment by Defendants, Plaintiff, JUAN MARQUEZ, worked fifty six (56) hours per week.

46.    Plaintiff, JUAN MARQUEZ, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 5:30 p.m. and Saturday 9:00 a.m. to 3:30 p.m.

47.    Plaintiff, JUAN MARQUEZ, was paid $28.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

48.    From in or about February 2018 to in or about June 2018, Plaintiff, ANGEL ALVARADO, was hired by Defendants as a construction laborer.

49. During his employment by Defendants, Plaintiff, ANGEL ALVARADO, worked sixty three (63) hours per week.

50. Plaintiff, ANGEL ALVARADO, work week comprised of six (6) days, Monday through Saturday, 7:00 a.m. to 5:30 p.m.

51. Plaintiff, ANGEL ALVARADO, was paid $17.00 an hour and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

52. Additionally all Plaintiffs and similarly situated individuals were not paid on a weekly basis; instead receiving their wages for hours worked every two and one half weeks.

53. Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiffs or similarly situated individuals.

54. Plaintiffs and similarly situated individuals were not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a work week.

55. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and similarly situated individuals wages for the hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

56. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

57. Defendants did not provide Plaintiffs and similarly situated individuals with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

58. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in week.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. Plaintiffs and similarly situated individuals have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

## COUNT 1

### [Violation of the Fair Labor Standards Act]

61. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62. At all relevant times, upon information and belief, Defendants were and continues to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63. At all relevant times, Defendants employed Plaintiffs and similarly situated individuals within the meaning of the FLSA.

64. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

65. Plaintiffs and similarly situated individuals are entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

66. Defendants failed to pay Plaintiffs and similarly situated individuals' compensation in the lawful amount for all hours worked over forty (40) hours in week as provided for in the FLSA.

67. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week in a work week at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

68. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a minimum wage and overtime rate would financially injure Plaintiffs and similarly situated individuals.

69. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

70. Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated individuals and the actual compensation paid to Plaintiffs and similarly situated individuals are in the possession and custody of the Defendants. Plaintiffs and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

71. Defendants failed to properly disclose or apprise Plaintiffs and similarly situated individuals of their rights under the FLSA.

72. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

73. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

74. Plaintiffs and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

**[Violation of the New York Labor Laws]**

75. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiffs and similarly situated individuals.

77. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs and similarly situated individuals for all hours worked over forty (40) hours in week and failed to pay a wage of all hours worked.

78. By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in week at the overtime wage rate, Defendants violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

79. Additionally, practice of paying Plaintiffs and similarly situated individuals every two and one half weeks is in violation of NYLL; which mandate that manual laborers be paid every week.

80. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

81. Therefore, Defendants knowingly and willfully violated Plaintiffs and similarly situated individuals' rights by failing to pay Plaintiffs and similarly situated individuals compensation for all hours worked over forty (40) hours in week in a work week at the overtime wage rate and failing to pay a wage for all hours worked.

82. Due to the Defendants' NYLL violations, Plaintiffs and similarly situated individuals are entitled to recover from the Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiffs and similarly situated individuals also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

**[Failure to provide a Wage Notice]**

83. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "82" of this Complaint as if fully set forth herein.

84. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

85. Defendants have willfully failed to supply Plaintiffs and similarly situated individuals with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

86. Through its knowing or intentional failure to provide the Plaintiffs and similarly situated individuals with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

87. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiffs and similarly situated individuals with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

88. Plaintiffs and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "87" of this Complaint as if fully set forth herein.

89. NYLL apply to the Defendants and protect the Plaintiffs and similarly situated individuals.

90. Through its knowing or intentional failure to provide the Plaintiffs and similarly situated individuals with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

91. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars

($250.00) dollars each day that the Defendants failed to provide Plaintiffs and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5

### [Retaliation]

92. Plaintiff, ISMAEL HERNANDEZ MILIAN, re-avers each and every allegation and statement contained in paragraphs "1" through "91" of this Complaint as if fully set forth herein.

93. The NYLL provides protections to employees from retaliation by their employer for asserting rights granted under NYLL.

94. Defendants wrongfully terminated and unlawfully retaliated against Plaintiff, ISMAEL HERNANDEZ MILIAN, for registering complaints with Defendants regarding failure to pay for work weeks of August 13, 2018, August 20, 2018, and August 27, 2018.

95. Plaintiff, ISMAEL HERNANDEZ MILIAN is entitled to recover lost earnings and compensation, liquidated damages, attorneys' fees and costs for his retaliatory wrongful termination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and similarly situated individuals request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of lost compensation for Plaintiff, ISMAEL HERNANDEZ MILIAN;

(d) An award of liquidated damages and statutory penalties as a result of Defendant' failure to pay wages at the overtime wage rate, failure to timely pay wages, failure to provide wage notices; failure to provide wage statements; and wrongful termination of Plaintiff, ISMAEL HERNANDEZ MILIAN, pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
         December 5, 2015

                                          Respectfully submitted

                                          By: _____
                                          James F. Sullivan (JS 3099)
                                          Law Offices of James F. Sullivan, P.C.
                                          52 Duane Street, 7th Floor
                                          New York, New York 10007
                                          T:    (212) 374-0009
                                          F:    (212) 374-9931
                                          *Attorneys for Plaintiff*
                                          jsullivan@jfslaw.net