# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
212-374-0009
(fax)212-374-9931

April 16, 2021

Magistrate James L. Cott
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York 10007

        **Re:**    *Dominici et. al. v. RSC Group, LLC et. al.*
        Case No.:  1:18-cv-11383 (JPC)-(JLC)(Settlement Approval)

Dear Magistrate Cott:

      Plaintiffs, Eddy Garcia, Juan Marquez, Jose Barros, and Demetrio Morales Martinez, (hereinafter "Plaintiffs"), and Defendant, RSC Group, LLC and Brett Steinberg (hereinafter "Defendants") jointly request that Your Honor review and approve the initial settlement reached in this matter regarding the aforementioned Plaintiffs pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). A copy of the executed settlement agreement is annexed hereto as **Exhibit** "**1**". For clarity, claims asserted by other Plaintiffs have not yet been resolved/settled and remain subject to the ongoing litigation.

## BACKGROUND

      Plaintiff filed a Complaint on December 6, 2018, asserting that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") for failure to pay Plaintiffs overtime wages for hours worked over forty (40) hours in a work week, failure to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3). The parties herein agreed to the annexed Settlement Agreement and now request the Court's approval of same.

## CLAIMS AND DEFENSES

      From in or about 2018 to in or about 2019, Plaintiffs, Eddy Garcia, Juan Marquez, Jose Barros, and Demetrio Morales Martinez, alleges that they were employed by Defendant RSC Group LLC in various positions at certain construction sites. Plaintiffs filed a complaint, alleging that Defendants failed to pay them in accordance with the FLSA and the NYLL. Further, Plaintiffs also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that are required under the portion of the NYLL referred to as the Wage Theft Prevention Act.

## DEFENDANTS' RESPONSE

In response to Plaintiffs' allegations, Defendants denied each and every allegation and would have rebutted Plaintiff's claims with testimony and documents as to the number days and hours Plaintiffs allegedly worked. Defendants specifically denied that Plaintiffs rarely, if ever worked more than forty (40) hours in a week, and on those occasions, they were properly paid. Defendants maintained that their manner and method of wage payment to the Plaintiffs was statutorily compliant. Defendants further asserted that Plaintiffs exaggerated the number of days and hours they actually worked during the periods of employment underlying the dispute.

## SETTLEMENT AMOUNT

This matter was resolved through agreement by the Parties during mediation in the monetary amount of $41,243.31, payable by the RSC Group. Plaintiff, Eddy Garcia, will receive $4,864.10. Plaintiff, Juan Marquez, will receive $7,936.07. Plaintiff, Jose Barros, will receive $7,660.36. Plaintiff, Demetrio Morales Martinez, will receive $7,035.01 and Law Offices of James F. Sullivan will receive $13,747.77in attorneys' fees.

Plaintiffs claimed that they were not compensated at the overtime rate for all hours worked over forty (40) hours in a work week. Plaintiffs contend that Eddy Garcia's, best case award would be $18,365.50 representing $880.00 for unpaid overtime wages, $880.00 in liquidated damages, $6,605.50 for late payments and $10,000.00 for violations of the Wage Theft Prevention Act. Plaintiffs contend that Juan Marquez's, best case award would be $30,230.00 representing $2,646.00 for unpaid overtime wages, $2,646.00 in liquidated damages, $14,938.00 for late payments and $10,000.00 for violations of the Wage Theft Prevention Act. Plaintiffs contend that Jose Barros', best case award would be $19,887.50 representing $2,487.50 for unpaid overtime wages, $2,487.50 in liquidated damages, $4,912.50 for late payments and $10,000.00 for violations of the Wage Theft Prevention Act. Plaintiffs contend that Demetrio Morales Martinez, best case award would be $49,802.00 representing $2,128.00 for unpaid overtime wages, $2,128.00 in liquidated damages, $35,546.00 for late payments and $10,000.00 for violations of the Wage Theft Prevention Act.

Thus, a settlement of $41,243.31 which wholly compensates each Plaintiff for wages owed, as alleged by the Plaintiffs, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel. The settlement, payable within thirty (30) days of the Court's approval, provides the Plaintiffs with an immediate recovery and does away with the uncertainty of protracted litigation. Further, settlement does away with the financial burdens of further litigation on the parties and conserves judicial resources.

## ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiffs' counsel, the settlement agreement provides that Plaintiff's counsel will receive $13,747.77 in attorney's fees. Pursuant to the retainer agreement, Plaintiff's counsel is to receive one third of any recovery and be reimbursed for all expenses incurred. In this matter Plaintiff's counsel agreed to waive costs.

Here, the attorney fee which accounts for one third of the total settlement amount is consistent with commonly accepted contingency fee agreements in the Second Circuit in FLSA

cases.  See, *Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; Rangel v. Grand St. Meat & Produce Corp.,* No*.* 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

In this case, the fee amount of $13,747.77 is less than the lodestar amount of $13,845.00 Contemporaneous time records of work performed in relation to the case are attached hereto as **Exhibit** "**2**".  Although the lodestar multiplier is determinative only for a common fund settlement, courts have considered it in individual settlements, and here it is in line with settlements approved in other cases in the District. See, *Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding fee that represented 5.23 multiplier of the lodestar calculation and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding the creating a disincentive to early settlement.").  Here as in *Pinzon*, the parties were able to resolve the case relatively swiftly.  Thus, conserving judicial resources and providing the Plaintiffs with a substantial and speedy result.   The Plaintiffs and the Plaintiffs' counsel have a contingent fee agreement compensating the Plaintiff's counsel one third of any settlement plus prepaid costs and expenses.  Courts in this district routinely find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable See, *Rangel.*

Plaintiffs' attorneys seek an hourly rate of $400.00 for James F. Sullivan, an attorney and owner of the Law Offices of James F. Sullivan, P.C.  James F. Sullivan is a 1996 graduate of St. John's University School of Law.  Mr. Sullivan is admitted to practice in New York (1997), New Jersey (1996), United State District Court, Southern District (2008) and Eastern District (2018) of New York.  James F. Sullivan served as a Court Attorney in the Civil Court of the City of New York, Queens County from 1997 to 2000. He then joined the in-house law firm for a major insurance company, before starting his own firm in 2002.  Mr. Sullivan has tried numerous cases to verdict in jury trials in New York State Courts.  Mr. Sullivan has also tried multiple bench trials and numerous arbitrations.  Mr. Sullivan has a practice that is primarily focused on litigation of personal injury cases, FLSA actions and insurance claims.

Plaintiffs' attorneys seek an hourly rate of $400.00 for Lawrence Spasojevich, an attorney formerly with Law Offices of James F. Sullivan, P.C. Lawrence Spasojevich is a 2009 graduate of the University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Ninety percent (90%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts.  Prior to joining JFS, Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Further, Plaintiff's attorneys seek an hourly rate of $300.00 for Joshua Eidsvaag, an attorney with law Offices of James F. Sullivan, P.C.  Joshua Eidsvaag is a 2014 graduate of New York Law School.  Joshua Eidsvaag was admitted to the New York State Bar in 2015, admitted to the United States District Court, Southern District of New York and to the United States District Court, Eastern District of New York in 2019.  Joshua Eidsvaag has been in private

practice since being admitted to the New York State Bar. Joshua Eidsvaag's primary concentration is in litigation of personal injury, employment, insurance and contract cases.

## THE SETTLEMENT SHOULD BE APPROVED

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes. *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135l n. 8 (11th Cir. 1982). Plaintiff's recovery here – after attorneys' fees – is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Plaintiffs' recollection of their hours worked is sufficient at this stage to establish the hours that they worked and the wages they received; however, their recollection is not binding on the fact finder and is disputed by Defendants. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiffs' inherent interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to their claimed hours.

Given the conflicting evidence and Defendants' defenses, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a total recovery of unpaid wages and liquidated damages, and the speed of payment, it is respectfully requested that the Court approve the parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

We thank the Court for its attention to this matter.

Respectfully,

_____/S/_____
James F. Sullivan, Esq.
*Attorney for Plaintiff*

_____/S/_____
Jason Finkelstein, Esq.
*Attorney for Steinberg*

_____/S/_____
Gary Cusano, Esq.
*Attorney for RSC Group*

---

The Court is in receipt of the parties' settlement agreement and supporting materials. See Dkts. 66, 67, 69. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorney's fees were calculated using the percentage method and represent one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 67 and 69 and to close this case as to Plaintiffs Eddy Garcia, Juan Marquez, Jose Barros, and Demetrio Morales Martinez. This case will remain open as to all other Plaintiffs.

SO ORDERED.
Date: May 13, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge