# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Negotiated Settlement Agreement & Release ("Agreement") is made by and between MOISES DOMINICI, JOSE MANUEL POLANCO PUJOLS, RENNY RIVERA RAMIREZ, CLEVER CORTE, ENDER ADILIO MIRANDA MAYEN, NOE REYES, FRANCISCO JAVIER SANTOS SAMPEDRO, DENIS URBINA, HAROLD GAITAN, ISMAEL HERNANDEZ MILIAN, and DARIEL TAVERAS, only, on the one hand ("these Plaintiffs"), and RSC GROUP, LLC ("RSC Group" or Defendant), These Plaintiffs and the Defendant are hereinafter collectively referred to as the "Parties."

WHEREAS, these Plaintiffs and Defendant are parties to a lawsuit in the United States District Court for the Eastern District of New York (the "Court"), entitled *DOMINICI, et al. v. RSC GROUP, LLC, et al*, 18 CV 11383 (JPC) (JLC), alleging wage and hour violations under the Fair Labor Standards Act and the New York Labor Law (the "Civil Action");

WHEREAS, these Plaintiffs and Defendant to the lawsuit wish to reach a compromise of these Plaintiffs' claims asserted in the Civil Action;

WHEREAS, the Defendant denies that they failed to pay these Plaintiffs all wages owed to them or are otherwise liable to these Plaintiffs for any claims asserted against them in the Civil Action;

WHEREAS, the Parties participated in multiple mediation sessions in an effort to resolve the claims asserted in the Civil Action;

WHEREAS, the Parties understand and agree that Defendant for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to these Plaintiffs, including, without limitation, any alleged violation of any federal, state or local law, ordinance, rule or regulation, or any duty whatsoever, whether based in statute, contract, common law or otherwise;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendant of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the these Plaintiffs. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, these Plaintiffs, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein and the full payments due from Defendant as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the claims asserted in the Civil Action; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their respective counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. Each of the foregoing recitals is incorporated herein by reference as if fully set forth below.

2. In consideration for the payment of FIFTY THOUSAND dollars ($50,000.00) ("the Settlement Payment"), as set forth in Paragraph 3 herein, these Plaintiffs hereby release, waive and forever discharge, to the maximum extent permitted by law, all claims against Defendant and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns (collectively, "Releasees"), for alleged unpaid overtime pay and minimum wages arising from these Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. section 201 and for alleged unpaid overtime pay, minimum wages, regular wages, spread of hours compensation, failure to provide wage notices, and failure to provide wage statements arising from these Plaintiffs' claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date these Plaintiffs sign this Agreement, up to and including the date of the complete execution of this Agreement.

3. The Settlement Payment shall be made as follows:

Within forty-five days (45) days of judicial approval of this Agreement, RSC Group shall issue checks as follows:

(i) a check made payable to **MOISES DOMINICI**, in the sum of $3,500.00;

(ii) a check made payable to **JOSE MANUEL POLANCO PUJOLS**, in the sum of $3,500.00;

(iii) a check made payable to **RENNY RIVERA RAMIREZ**, in the sum of $3,500.00;

(iv) a check made payable to **CLEVER CORTE**, in the sum of $3,500.00;

(v) a check made payable to **ENDER ADILIO MIRANDA MAYEN**, in the sum of $3,500.00;

(vi) a check made payable to **NOE REYES**, in the sum of $3,500.00;

(vii) a check made payable to **FRANCISCO JAVIER SANTOS SAMPEDRO**, in the sum of $3,500.00;

(viii) a check made payable to **DENIS URBINA**, in the sum of $3,500.00;

(ix) a check made payable to **HAROLD GAITAN**, in the sum of $3,500.00;

(x) a check made payable to **ISMAEL HERNANDEZ MILIAN**, in the sum of $3,500.00;

(xi) a check made payable to **DARIEL TAVERAS**, in the sum of $3,500.00;

(xvi) a check made payable to **Law Offices of James F. Sullivan, P.C.**, in the sum of $11,500.00 representing legal fee.

4. These Plaintiffs shall be solely responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him and agrees to indemnify and hold RELEASEES harmless for any and all Federal, State and local taxes, interest, fines and penalties that are due, may become due or are otherwise assessed against these Plaintiffs or the Defendants, at any time, with the exception of Defendant's portion of FICA and FUTA, if any. In connection with the payment of the Settlement Payment as contemplated herein, the Defendant will issue a form 1099-MISC to Plaintiffs' counsel and to each of these Plaintiffs in the next taxable year following payment.

5. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated these Plaintiffs unlawfully, and the RELEASEES specifically state that they have not violated or abridged any Federal, State, or local law or ordinance, or any duty or obligation that they may owe or may have owed to any of these Plaintiffs.

6. Upon delivery to the Defendant of this fully executed Agreement, these Plaintiffs shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action by these Plaintiffs against Defendant with prejudice.

7. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether these Plaintiffs could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to these Plaintiffs, as indicated in Paragraphs 2 and 3, is a fair and reasonable resolution to this *bona fide* dispute.

8. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

9. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

10. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

11. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

12. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

13. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

14. This Agreement shall become effective upon its execution by all Parties. However, if the Court in the Civil Action refuses to approve this Agreement, the Parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the Parties are unable to do so, this Agreement shall become null, void and unenforceable.

15. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

16.     This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

17.     These Plaintiffs and Defendant further agree that electronic signatures shall be deemed to have the same validity and effect as the signor's manual signature.

18.     This Agreement supersedes all prior agreements or understandings between the Parties of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

19.     These Plaintiffs state that their attorneys' fees and expenses are included in the settlement amount in Paragraphs 2 and 3, and there will be no further or separate claim for attorneys' fees or expenses.

20.     Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent via USPS First Class Mail and e-mail to the parties' respective legal counsel. Notice shall be deemed communicated from the date of service. The addresses for notice are as follows, unless otherwise specified:

**For RSC Group**
Gary Cusano, Esq.
Cusano Smith PLLC
483 Cherry Street
Bedford Hills, New York 10507
gcusano@cusanosmith.com

**For These Plaintiffs:**
James F. Sullivan, Esq.
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, NY 10007
jsullivan@jfslaw.net

IN WITNESS WHEREOF, these Plaintiffs and Defendants have duly executed this Negotiated Settlement Agreement & Release.

Plaintiff: _____
MOISES DOMINICI
Dated: 12-12-2022

Plaintiff _____
JOSE MANUEL POLANCO PUJOLS
Dated: 12-12-2022

Plaintiff _____
RENNY RIVERA RAMIREZ
Dated: 12-13-2022

Plaintiff
_____clever corte_____
CLEVER CORTE
Dated: 12-19-2022

Plaintiff: _____
ENDER ADILIO MIRANDA MAYEN
Dated: 12-13-2022

Plaintiff _____
NOE REYES
Dated: 12-12-2022

Plaintiff _____
FRANCISCO JAVIER SANTOS SAMPEDRO
Dated: 12-13-2022

Plaintiff _____Denis Urbina_____
DENIS URBINA
Dated: 12-13-2022

Plaintiff: _____
HAROLD GAITAN
Dated: 12-13-22

Plaintiff [signature]
ISMAEL HERNANDEZ MILIAN
Dated: 12-16-2022

Plaintiff [signature]
DARIEL TAVERAS
Dated: 12-13-2022

RSC Group LLC
By: _____
Dated: 2-1-23